■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER COLON, Also Known as ROLANDO OQUENDO, Appellant. [724 NYS2d 844] —Judgment, Supreme Court, New York County (Bruce Allen, J., at suppression hearing; Charles Tejada, J., at jury trial and sentence), rendered November 7, 1997, convicting defendant of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the second and third degrees and criminal possession of stolen property in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of 21 years, and judgment, same court (Charles Tejada, J.), rendered November 21, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a concurrent term of 7 years, unanimously affirmed.

When the prosecutor abandoned her plan to call a certain officer and introduce his notes, defendant received, in practical effect, the alternate sanction he had requested for the delay in turning over the notes in question and the court properly exercised its discretion in denying his motion for a mistrial (*see, People v Martinez*, 71 NY2d 937; *People v Andino*, 244 AD2d 194, *lv denied* 91 NY2d 888). The prosecutor's decision avoided any possibility of prejudice to defendant and there is no basis for reversal (CPL 240.75).

There was no violation of the People's disclosure obligations pursuant to *Brady v Maryland* (373 US 83). The name of the person who owned the license plate found on the car recovered by the police was not *Brady* material since such information was irrelevant to the issue of whether defendant was the person who stole the car in the first place (*see, People v Wright*, 270 AD2d 213, *lv denied* 95 NY2d 859). In any event, there is no reasonable possibility that this information could have affected the verdict.

Defendant's motion to suppress identification testimony in the robbery case was properly denied. The fact that the photographic array and the photographs of the lineup were apparently lost sometime after trial does not give rise to an inference that the array or lineup was suggestive since the hearing court had the opportunity to view the photographs and determined that the procedures were not unduly suggestive (*People v Gonzalez*, 168 AD2d 283, *lv denied* 77 NY2d 961; *see also*, *People v Garcia*, 219 AD2d 541, *lv denied* 88 NY2d 847). Since the court found no indicia of suggestiveness, it properly exercised its discretion in denying defendant's motion to call the complainants to testify at the hearing (*People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833).

Defendant's motion to suppress physical evidence in the weapon possession case was properly denied. The record supports the court's finding that at each stage of their escalating encounter with defendant, the police possessed the requisite predicate for the corresponding level of intrusion (*see*, *People v Hollman*, 79 NY2d 181; *People v De Bour*, 40 NY2d 210).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Marlow, JJ.