■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HARRELL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH PATTERSON, Appellant. [729 NYS2d 2] —Judgments, Supreme Court, Bronx County (Denis Boyle, J.), rendered July 22, 1998, convicting defendants, after a jury trial, of robbery in the second degree (two counts) and assault in the third degree, and sentencing defendant Harrell, as a second violent felony offender, to two terms of 8½ years and a term of 1 year, all to run concurrently, and sentencing defendant Patterson, as a second felony offender, to two terms of 7½ years and a term of 1 year, all to run concurrently, unanimously affirmed.

The court properly declined to provide any sanction for the People's mid-trial disclosure of a police officer's memo book. Disclosure of this memo book upon completion of jury selection was not mandated by CPL 240.45 (1) (a) because it was not a statement "made by a person whom the prosecutor intend[ed] to call as a witness at trial." At the outset of trial, the prosecutor submitted a witness list containing this officer's name, but clearly stated that he did not intend to call this officer and was only including his name to ensure that, in the event he became a witness, there would not be anyone acquainted with him on the jury (*see generally, People v Boyd*, 53 NY2d 912). The court properly credited the prosecutor's subsequent statement that, although there was originally no reason to call this officer, his testimony had been rendered material by an issue raised by defendants. "CPL 240.45 (1) does not require the prosecutor to anticipate the defenses that may be raised." (*People v Garner*, 190 AD2d 1041, 1042 [4th Dept], *lv denied* 81 NY2d 885; *see also, People v Hendrix*, 235 AD2d 575 [3d Dept].)

In any event, were we to find that there was a violation of CPL 240.45, we would conclude that defendants failed to establish that the delayed disclosure was prejudicial (*see,* CPL 240.75). Defendants' trial strategy was not impaired, since timely production of the memo book would have affected, at most, a minor aspect of the cross-examination of the complainant (*compare, People v Goins*, 73 NY2d 989).

Defendants' motions to dismiss the indictment based on vari-

ous alleged irregularities in the Grand Jury presentation were properly denied. The alleged errors did not rise to the level of impairment of the integrity of the Grand Jury proceedings and did not warrant the exceptional remedy of dismissal of the indictment (*see*, *People v Huston*, 88 NY2d 400, 410; *People v Darby*, 75 NY2d 449, 455). We find no violation of defendant's right to testify before the Grand Jury.

The court properly exercised its discretion in denying, without a hearing, defendants' motions made pursuant to CPL 330.30 (2) to set aside the verdict based on a juror's affidavit alleging juror misconduct, since "the required assiduous protection of the secrecy and sanctity of the jury's deliberative process counsels that such a hearing not be undertaken except in extraordinary circumstances" (*People v Rodriguez*, 71 NY2d 214, 218 n 1), and no such circumstances were present. The juror's belated efforts to impeach the verdict did not warrant a hearing (*see*, *People v Redd*, 164 AD2d 34). Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.