THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO BRAVO, Appellant. [745 NYS2d 12] —Judgment, Supreme Court, Bronx County (Patricia Williams, J.), rendered March 17, 2000, convicting defendant, after a nonjury trial, of robbery in the first degree, burglary in the first degree (two counts), criminal use of a firearm in the first degree, robbery in the second degree (two counts) and grand larceny in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years, 15 years, 15 years, 15 years, 10 years, 10 years and 2 to 4 years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction of criminal use of a firearm in the first degree and dismissing that count of the indictment, and otherwise affirmed.

Defendant's motion to suppress a lineup identification was properly denied. The record establishes that any physical disparities between defendant and the other lineup participants were minimal and did not draw undue attention to defendant (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833). Since a photograph of the lineup was reviewed by the hearing court, which made detailed findings concerning the composi-

tion of the lineup and the characteristics of the participants, the loss of the photograph does not create a presumption of suggestiveness (see, People v Colon, 283 AD2d 308, lv denied 96 NY2d 900).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The element of physical injury was established by testimony that defendant punched the victim in the face on several occasions causing bruises to her face and head, bloodied lips and recurring headaches (see, People v Guidice, 83 NY2d 630, 636; People v McClennon, 287 AD2d 310, lv denied 97 NY2d 685). The victim's testimony properly established the value of the stolen jewelry under the particular circumstances (see, People v Womble, 111 AD2d 283), in that she testified that more than 100 pieces were taken, including her engagement ring that alone cost $2,500, and that the total estimate of $8,000 was far in excess of the statutory threshold of $3,000.

Since defendant's convictions of robbery in the first degree and of burglary in the first degree pursuant to Penal Law § 140.30 (4) were based upon the fact that defendant was armed with a firearm, and since possession of that same firearm supported defendant's conviction of criminal use of a firearm in the first degree, the criminal use count should be dismissed (People v Brown, 67 NY2d 555, 560-561, cert denied 479 US 1093). This is not a situation where application of Brown would frustrate a statutory provision requiring an enhanced sentence (compare, People v Rhodes, 281 AD2d 225, lv denied 96 NY2d 906).

We perceive no basis for a reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Buckley, Ellerin, Wallach and Gonzalez, JJ.