■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIJONCINQUE HARVEY, Appellant. [766 NYS2d 194] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 26, 2002, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of nine years and seven years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification (*see People v Bleakley*, 69 NY2d 490 [1987]). The victim made a reliable identification, and there was also evidence from which inferences as to defendant's consciousness of guilt could be drawn. The element of physical injury was established by the victim's testimony that he suffered painful swelling and bruising for three days, requiring treatment by ice packs, as a result of being struck in the head with a pistol (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Bravo*, 295 AD2d 213 [2002], *lv denied* 99 NY2d 556 [2002]).

Defendant failed to preserve his argument that, since he had withdrawn or disavowed the notice, it was error for the court to admit his false notice of alibi as an informal judicial admission. Defendant never made this argument before the trial court, but argued only that his alibi was not inconsistent with his position at trial (*see People v Graves*, 85 NY2d 1024, 1026-1027 [1995]). We decline to review this claim in the interest of justice. Were we to review this claim, we would find that the court properly admitted this evidence (*see People v Ficarrota*, 91 NY2d 244, 249-250 [1997]; *People v Rivera*, 45 NY2d 989 [1978]; *People v White*, 228 AD2d 209, 210 [1996], *lv denied* 88 NY2d 1072 [1996]). Unlike the situation in *People v Burgos-Santos* (98 NY2d 226, 233-235 [2002]), defendant first attempted to disavow the alibi notice late in the trial. In any event, were we to find any error in this regard, we would find it to be harmless.

By entering into a stipulation to provide the deliberating jury with certain information that the court had precluded the People from introducing at trial, defendant failed to preserve his present objection to the submission of this evidence after deliberations had begun (*see People v Sterling*, 221 AD2d 235 [1995], *lv denied* 88 NY2d 854 [1996]). Contrary to defendant's contention, he was not forced to enter into this stipulation. We decline to review this claim in the interest of justice. Were we to review this claim, we would find that the court properly

sought to respond meaningfully to a note from the jury and to correct a misimpression created by defendant's summation (*see People v Roseman*, 78 AD2d 878, 880 [1980], *lv denied* 53 NY2d 711 [1981]). The stipulated information submitted to the jury was simple, uncontested and not prejudicial, while correcting defendant's misleading arguments (*see People v Whipple*, 97 NY2d 1, 8 [2001]). Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.