■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RUBI, Appellant. [796 NYS2d 90]—

Judgments, Supreme Court, New York County (Gregory Carro, J., at hearing; John A.K. Bradley, J., at jury trial and sentence), rendered September 30, 2003, convicting defendant of two counts of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 24 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. The prompt, on-the-scene showup identification was not rendered unduly suggestive by the officer's remark to the witness that the police had a suspect or by the fact that defendant was handcuffed and under police guard (see e.g. People v Smith, 271 AD2d 332 [2000], lv denied 95 NY2d 871 [2000]; People v Edwards, 259 AD2d 343 [1999], lv denied 93 NY2d 969 [1999]).

The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]; People v Walker, 83 NY2d 455, 458-459 [1994]; People v Pavao, 59 NY2d 282, 292 [1983]). Defendant's theft-related convictions were highly relevant to his credibility.

The court properly exercised its discretion in denying defendant's mistrial motion made after a police witness briefly mentioned defendant's parole status. The court's prompt and thorough curative instructions were sufficient to prevent any prejudice (see People v Santiago, 52 NY2d 865 [1981]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (see People v Rosen, 96 NY2d 329 [2001], cert denied 534 US 899 [2001]). Defendant's mandatory sentence as a persistent violent felony offender was triggered solely by his prior convictions (see Almendarez-Torres v United States, 523 US 224 [1998]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Tom, Ellerin, Williams and Sweeny, JJ.