THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORDAN RANDOLPH, Appellant. [805 NYS2d 44]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered January 22, 2003, convicting defendant, after a jury trial, of nine counts of criminal sale of a controlled

substance in the third degree and three counts of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility. Multiple undercover officers, who repeatedly encountered defendant during an investigation lasting five months, had ample opportunity to acquaint themselves with defendant, who identified himself by his full name during one encounter.

The court took sufficient remedial action to obviate any prejudice from the People's untimely mid-trial delivery of *Rosario* material. Defendant received a full opportunity to use the material in question, and the court provided an adverse inference instruction. The *Rosario* violation did not have any significant impact on defendant's misidentification defense (*see People v Harrell*, 284 AD2d 248 [2001], *lv denied* 97 NY2d 657 [2001]; *see also* CPL 240.75), and defendant's arguments to the contrary are unpersuasive (*compare People v Goins,* 73 NY2d 989 [1989]).

The court properly exercised its discretion in denying defendant's mistrial motion made when a police officer blurted out on cross-examination that he was told that defendant had a violent history. The court's thorough curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.