THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD STAPLETON, Appellant. [823 NYS2d 32]—

Judgment, Supreme Court, New York County (Philip M. Grella, J.), rendered September 21, 2004, convicting defendant, after a jury trial, of aggravated criminal contempt and three counts of criminal contempt in the first degree, and sentencing him to an aggregate term of 3½ to 7 years, unanimously modi-

fied, on the law, to the extent of reducing the conviction under the count of the indictment charging criminal contempt in the first degree under Penal Law § 215.51 (c) to criminal contempt in the second degree under Penal Law § 215.50 (3), and reducing the sentence for that conviction to one year, and otherwise affirmed.

Except as indicated, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence supported the conclusion that the victim sustained physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Harvey*, 309 AD2d 713 [2003], *lv denied* 1 NY3d 573 [2003]; *People v Bravo*, 295 AD2d 213, 214 [2002], *lv denied* 99 NY2d 556 [2002]), a necessary element of aggravated criminal contempt (Penal Law § 215.52). Defendant punched the victim twice, causing her to double over and shriek. She suffered a swollen temple, which was treated with ice. She continued to suffer pain for a day and a half, despite taking a pain reliever, and continued to apply ice that night and the next morning.

However, as the People concede, one of the three convictions of first-degree criminal contempt was improper. Since defendant was not charged with violating any of the types of orders of protection listed in Penal Law § 215.51 (c), we reduce his conviction under that section to second-degree criminal contempt pursuant to Penal Law § 215.50 (3).

The court properly exercised its discretion in denying defendant's mistrial motion, made when the victim volunteered that defendant had asked her why she had sent him to jail. This brief statement did not deprive defendant of a fair trial, especially since the court immediately delivered a suitable curative instruction (*see People v Randolph*, 23 AD3d 244, 245 [2005], *lv denied* 6 NY3d 817 [2006]; *People v Rubi*, 19 AD3d 139, 140 [2005], *lv denied* 5 NY3d 809 [2005]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.