■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG POIRIER, Appellant. [6 NYS3d 15]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered August 6, 2012, convicting defendant, after a jury trial, of burglary in the first degree as a sexually motivated felony and sexual abuse in the first degree, and sentencing him to an aggregate term of 25 years to be served consecutively to the sentence on defendant's April 21, 2010 conviction, and judgment, same court (Maxwell Wiley, J.), rendered April 21, 2010, convicting defendant, upon his plea of guilty, of burglary in the second degree as a sexually motivated felony, and sentencing him to a term of five years, unanimously affirmed.

Defendant's legal sufficiency claim as to the element of physical injury is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). The victim's testimony that she found it "really painful" to eat or chew for "a couple of weeks" after her jaw was hurt in the incident, and that she used over-the-counter pain medication and vicodin, provided ample evidence that she suffered "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). Physical injury was further established by testimony that the victim had bruises on her back, shoulder, and knee as a result of the incident (*see e.g. People v Harvey*, 309 AD2d 713 [1st Dept 2003], *lv denied* 1 NY3d 573 [2003]). Moreover, the victim testified that she was injured when defendant pinned her to the floor of her apartment, pressed his hand against her mouth as she was lying on the floor, and subjected her to sexual touching, prompting her to scream and injure her jaw in the process. To establish physical injury, there is no requirement that a victim seek medical treatment or miss work (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Jackson*, 296 AD2d 313 [1st Dept 2002], *lv denied* 98 NY2d 768 [2002]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find

that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Trial counsel's failure to raise the sufficiency argument defendant raises on appeal was not ineffective since, as discussed above, that claim lacks merit. Any error in counsel's failure to request an adverse inference charge regarding missing photographs was not so egregious or prejudicial as to warrant a finding of ineffective assistance (*see People v Blake*, 24 NY3d 78, 81-84 [2014]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.

---

Motion to file a supplemental brief denied.