People v Montgomery (2019 NY Slip Op 05206)





People v Montgomery


2019 NY Slip Op 05206


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9758 5363/09

[*1]The People of the State of New York, Respondent,
v
James Montgomery, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered September 23, 2010, as amended October 27, 2010, convicting defendant, after a jury trial, of two counts of assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of five years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence here amply supports the conclusion that defendant caused physical injury within the meaning of Penal Law § 10.00(9) to both a police officer and a bus driver. Initially, we find no basis for disturbing any of the jury's credibility determinations.
Concerning the police officer, physical injury was established by proof showing that defendant bit the officer's finger, broke the skin and caused a significant amount of bleeding. The officer also sought medical treatment for the bite, experienced pain, and took medication. The jury could have reasonably concluded that the bite and resulting cut went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), and caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). We find it unnecessary to address the other forms of injury that the officer may have sustained.
Concerning the bus driver, the evidence supports the conclusion that defendant attacked him and continued to punch him after one of the officers identified himself, and that as a result of the officers' attempts to separate defendant and the bus driver, the driver injured his knee, causing injuries that undisputedly reached the level of physical injury. Defendant's actions forged a link in the chain of causes that brought about the driver's knee injury, and the result was reasonably foreseeable (see People v Davis, 28 NY3d 294, 300 [2016]; People v DaCosta, 6 NY3d 181, 184-186 [2006]; People v Douglas, 143 AD2d 452 [3d Dept 1988]).
In any event, injuries that defendant directly inflicted upon the driver also satisfied the physical injury element. The driver testified that as a result of defendant punching him, he had swelling to the head, face and back, pain throughout his body, sought medical treatment, and likened the initial pain and swelling to his face to the throbbing pain that he suffered from his [*2]knee injury (see People v Guidice, 83 NY2d 630, 636 [1994]; People v Stapleton, 33 AD3d 464, 465 [1st Dept 2006] lv denied 7 NY3d 904 [2006]; People v James, 2 AD3d 291, 291 [1st Dept 2003], lv denied 2 NY3d 741 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK