Jasen, J.
Defendant was charged with driving at a speed in excess of 50 miles per hour, in violation of section 1180 (subd. [b]) of the Vehicle and Traffic Law. Following a trial, without a jury, in a Court of Special Sessions held by a Village Justice of the Village of Cayuga Heights, he was convicted and fined $35. On appeal to the County Court, the conviction was reversed. The People now appeal.
The primary question on this appeal is what proof is necessary to establish the violation of section 1180 (subd. [b]) of the Vehicle and Traffic Law. Section 1180 (subd. [b]), as in force at the time of defendant’s conviction, provided in pertinent part: ‘ ‘ Except * * * when maximum speed limits have been established as hereinafter authorized, no person shall drive a vehicle at a speed in excess of fifty miles per hour.” According to the Trial Justice’s return, the only evidence offered by the People was the testimony of the State Trooper, who testified that he stopped defendant on Route 13 in the Village of Cayuga Heights after clocking the defendant at 65 miles per hour in a 50-mile-per-hour zone.
The County Court, in reversing the conviction, held that the above-quoted section created an exception to the general prohibition against exceeding a speed of 50 miles per hour, and that the People had the burden of disproving the applicability of this exception in this case (citing People v. Smith, 192 Misc. 965, affd. 299 N. Y. 707). The County Court agreed that it was required under CPLR 4511 (subd. [a]) to take judicial notice of the Official Compilation of Codes, Rules and Regulations, which did not indicate that a higher speed limit had been estab *50 lished for Route 13 in the village; however, the court was of the opinion that the People were required to present proof as to the absence of any signs allowing a speed in excess of 50 miles per hour.
The basis of the County Court’s position is found in People v. Smith (supra). In that case, the County Court, Suffolk County, sitting as an appellate court, held that the predecessor of section 1180 (subd. [b]) created a “ true exception ” which the People had to allege and prove inapplicable in order to secure a conviction. This is no longer true since the advent of the CPLR.
As mentioned, section 1180 (subd. [b]) of the Vehicle and Traffic Law provided that no person shall drive in excess of 50 miles per hour except "when maximum speed limits have been established as hereinafter authorized ”. Hence, it appears that the People must prove that higher speed limits have not been authorized by the State Department of Transportation. Section 1620 (subd. [a]) of the Vehicle and Traffic Law provides one method of establishing that this exception does not apply: ‘ ‘ Absence of signs installed pursuant to this section shall be presumptive evidence that the department of transportation has not established a higher maximum speed limit than the fifty miles per hour statutory limit.” Thus, the People could prove that the Department of Transportation has not authorized higher speed limits for an area (and, hence, the exception in subdivision [b] of section 1180 does not apply) by having the arresting officer testify that there were no signs in the area allowing a higher speed. However, the failure of the People to offer such proof is not necessarily fatal to their case. Contrary to the apparent misconception of the County Court and the defendant herein, section 1620 (subd. [a]) is not the only method of proving that higher speed limits have not been authorized.
Title 15 of the Official Compilation of Codes, Rules and Regulations of the State of New York contains the orders, rules and regulations of the State Department of Transportation raising or lowering the maximum speed limits on State highways. Part 1050 of title 15 lists these changes with regard to Tompkins County, and omits any reference to highways within the Village of Cayuga Heights. Such omission ‘‘indicates that as *51 of that date there were no maximum linear speed regulations * * * in effect” in the Village of Cayuga Heights. (See 15 [Book B] NYCRR, Explanation of Numbering System and Key, p. 406.) This Compilation presumptively establishes the codes, rules and regulations of the State. (Executive Law, § 102.) Pursuant to CPLR 4511 (subd. [a]), “ [e]very court shall take judicial notice without request ”. Thus, the People met the burden of proof placed upon them by law since the Compilation of Codes, Rules and Regulations, of which the court must take judicial notice, did not contain any change in the 50-mile-per-hour speed limit, for the Village of Cayuga Heights.
It might be argued that under this analysis, the People have not disproved that a sign indicating a higher limit was not erroneously erected. However, that is not the burden which section 1180 (subd. [b]) of the Vehicle and-Traffic Law places upon the People. All that is required is that it be proven that higher limits have not been promulgated.
The defendant also contends that the trial court erred in allowing the People to place in evidence a speedometer deviation record to prove the reliability of the speedometer which was used to clock the speed of the defendant’s car.
The County Court held that since the defendant had failed to make an objection to the introduction of the deviation record into evidence, the issue could not be raised upon appeal. We agree with that ruling and only add that even if timely objection had been made, the record would have been properly admitted into evidence, if an appropriate foundation for its admission had been laid.
Although such a record is considered hearsay, it is admissible under the business entry exception to the hearsay rule. CPLR 4518 (subd. [a]) provides that: “ [a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.” If the officer is able to testify that the deviation record *52 was made in the ordinary course of police business of maintaining highway, safety, and that it was the regular course of police business to make such a record, the record would be admissible. (People v. Jones, 10 Misc 2d 1067.)
Defendant maintains that People v. Grant (42 Mise 2d 350) should control. There, the court held that a speedometer deviation record made by a police department inspector should not be allowed in evidence because the record had been made with the primary purpose of being used as proof in court. The court was of the opinion that the business records exception was only intended ‘ ‘ to permit incidental testimonial use of records which are made and kept primarily for nontestimonial purposes, rather than the other way round.” (Id., at p. 352.) We disagree. Of course, records prepared solely for the purpose of litigation should be excluded. (See People v. Samuels, 302 N. Y. 163; People v. Roth, 11 N Y 2d 80; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 4518.14.) However, if there are other business reasons which require the records to be made, they should be admissible.
It appears that the speedometer deviation records should be admissible since, unlike the Samuels and Roth cases cited above, they were not records made outside of the ordinary course of police department business, solely for the instant litigation. It is generally true that such speedometer tests are made at regularly scheduled intervals, and that the records kept are merely memorials of the fact that the tests were made and what the results were. This is a classic example of making records in the regular course of business; and, it is probably the regular course of police business in maintaining highway safety to make such records at the time of the test. While it is true that such records may later be used in litigation, such was not the sole purpose when they were made, and, therefore, they should not be excluded merely because this was a possible future use.
Had proper foundation been laid for admission of the speedometer deviation record as a business entry, it should have been received in evidence even if proper objection had been taken at trial.
Accordingly, the order of the County Court should be reversed, and the case remitted to the County Court for determination of the questions of fact raised in that court.
*53 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
Order reversed and case remitted to County Court for determination of questions of fact raised in that court (Code Crim. Pro., § 543-b).