OPINION OF THE COURT
Meyer, J.
When is pain "substantial” within the meaning of subdivision 9 of section 10.00 of the Penal Law? The question arises in a juvenile delinquency proceeding in which respondent was proven to have twice hit the complainant in the face, causing him to cry, his face to feel like bumps were coming on it though none did, causing red marks on his face, and causing *200 him pain. The Family Court Judge found that complainant "experienced substantial pain, according to his own feelings, at the time he was struck” by respondent, "was crying * * * and exhibited a red mark”. The Appellate Division affirmed, two Justices dissenting (63 AD2d 924). The order should be reversed.
Pain is, of course, a subjective matter. Thus, touching the skin of a person who has suffered third degree burns will cause exquisite pain, while the forceful striking of a gymnast in the solar plexus may cause him no discomfort at all. Yet it is clear from the inclusion of the word "substantial” in the Penal Law definition that the Legislature did not intend a wholly subjective criterion to govern. This is so both because it abjured the Model Penal Code’s definition (section 210.0, subd [2], "physical pain, illness or any impairment of physical condition”), and because the Revisors’ notes state that "petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives” are not within the definition (Temporary Commission on Revision of the Penal Law and Criminal Code, Proposed Penal Law, p 330).
Thus, while the question whether the "substantial pain” necessary to establish assault in the third degree has been proved is generally a question for the trier of fact (cf. Montgomery v Daniels, 38 NY2d 41, 59, n 13), who in reaching his or its conclusion can consider, among other factors, the subjective reaction of the person claimed to have been assaulted, there is an objective level, suggested by the Revisors’ notes, below which the question is one of law, and the charge should be dismissed (People v McDowell, 28 NY2d 373 [incidental reference to a blackened eye without any development of its appearance, seriousness, accompanying swelling or suggestion of pain insufficient]).
Here we have nothing more than evidence that complainant was hit, that it caused him pain, the degree of which was not spelled out, caused him to cry and caused a red mark. All of that is consistent with "petty slaps” and, therefore, was insufficient to establish "substantial pain” beyond a reasonable doubt.
Accordingly, the order of the Appellate Division should be reversed and the petition dismissed.