OPINION OF THE COURT
 

 Ciparick, J.
 

 The primary issue on this appeal is whether certain "line-sheet” entries made in the course of a police surveillance opera
 
 *634
 
 tian are admissible in evidence under the business records exception to the hearsay rule.
 

 On August 7, 1989, defendant David Guidice was involved in a physical altercation with a co-worker, Tom Meyer, at their construction jobsite. David left the work site and called his father, defendant Anthony Guidice, for help. Anthony contacted his nephew, defendant James Smith, and instructed him to assist David in exacting retribution. Smith and an unidentified, unapprehended male, described as a blonde bodybuilder, arrived at the construction site in a two-tone Lincoln Continental. David pointed out Meyer. Smith punched Meyer in the face and the unidentified male hit Meyer in the arm with a baseball bat, after which Meyer fled.
 

 Defendants were convicted, after a jury trial, of assault in the second degree. The prosecution’s sole witness at trial was Meyer. The People additionally offered tape recordings of six intercepted telephone conversations involving the defendants. Because the conversations were recorded pursuant to electronic surveillance in an unrelated investigation involving numerous monitoring agents, the People proposed to establish the unbroken chain of custody by admitting, as business records, certain "linesheets” prepared by the monitoring agent at the time each phone conversation was intercepted. These linesheets were entries made by monitoring agents contemporaneously with each intercepted phone conversation. The linesheets contained the number of the master tape, the date it was used, the sequential number of the call, the times when the conversations began and ended, and the corresponding counter numbers on the recorder.
 

 Defense counsél made an unsuccessful pretrial application to preclude the linesheets, arguing:
 

 "The issue is whether or not the line sheets are admissible as business records and I submit they are not for a very simple reason. They are not records of regularly conducted activity because they are documents that are prepared for the sole purpose of litigation.”
 

 The Appellate Division affirmed the judgments of conviction, and we now affirm.
 

 Defendants’ contention that the electronic surveillance tapes were admitted without a proper evidentiary foundation must be rejected. We conclude that the linesheets were prop
 
 *635
 
 erly admitted as business records under CPLR 4518. That section provides:
 

 "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.” (CPLR 4518 [a].)
 

 There is no question that law enforcement agencies constitute "businesses” for purposes of the rule
 
 (see, People v Foster,
 
 27 NY2d 47, 52). The essence of the business records exception to the hearsay rule is that "records systematically made for the conduct of a business * * * are inherently highly trustworthy because they are routine reflections of day-to-day operations and because the entrant’s obligation is to have them truthful and accurate for purposes of the conduct of the enterprise”
 
 (People v Kennedy,
 
 68 NY2d 569, 579).
 

 In
 
 Foster (supra),
 
 the trial court admitted in evidence police "speedometer deviation records” that were made at regularly scheduled intervals for the purpose of testing the accuracy of police speedometers used in clocking vehicles. This Court approved of their reception as business records, stating that while it was foreseeable that they might later be used for litigation purposes, such was not their
 
 sole
 
 purpose when made
 
 (id.; see also, Farrell,
 
 58 NY2d 637, 638).
 

 Applying the aforementioned principles, we conclude that the linesheets were records made in the ordinary course of police business. We note that the linesheets served an important administrative function in the daily conduct of a police surveillance operation; they were required to be made pursuant to a court order; their purpose was to maintain an inventory of the tapes and to safeguard them against tampering; and they were included in the progress reports that were filed regularly with the Judge supervising the wiretap order. Finally, the fact that their preparation was incidental to a police surveillance operation does not make them inadmissible
 
 (see, Foster, supra; see also, People v Farrell,
 
 58 NY2d 637,
 
 supra).
 

 Defendants’ assertion that the People’s proof failed to
 
 *636
 
 establish venue in New York County lacks merit. Whenever a defendant commits an act in a county sufficient to establish an element of a charged offense, codefendants may likewise be tried in that county (CPL 20.40 [1] [a];
 
 see also, People v Ribowsky,
 
 77 NY2d 284, 292; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 20.40, at 107). Because defendant Anthony Guidice formulated the requisite criminal intent to commit assault in New York County, venue was properly laid there (CPL 20.40 [1]).
 

 The trial court did not err in refusing to give a circumstantial evidence charge with respect to defendant Anthony Guidice. A circumstantial evidence charge is required where the evidence against a defendant is "wholly circumstantial”
 
 (People v Silva,
 
 69 NY2d 858, 859). A defendant’s statement is considered direct evidence if it constitutes "a relevant admission of guilt”
 
 (People v Rumble,
 
 45 NY2d 879, 880;
 
 see, People v Licitra,
 
 47 NY2d 554, 558-559). Here, Anthony Guidice’s statements, among others, that he "sent two guys to break [Meyer’s] legs”, and that he "put him in the hospital”, amount to acknowledgments that he solicited, requested, or commanded the attack with intent to cause physical injury under Penal Law § 20.00. As the evidence against defendant Anthony Guidice was not wholly circumstantial, a circumstantial evidence charge was not required.
 

 We must also reject defendants’ challenge to the sufficiency of the evidence relating to Meyer’s sustaining "physical injury” or "substantial pain” within the meaning of Penal Law § 120.05 and as defined by Penal Law § 10.00 (9). Generally, these are questions for the trier of fact
 
 (People v Rojas,
 
 61 NY2d 726, 727). Lack of medical treatment is but a factor to consider in resolving such issues
 
 (People v Pope,
 
 174 AD2d 319, 321,
 
 lv denied
 
 78 NY2d 1079), for pain is subjective and different persons tolerate it differently
 
 (Matter of Philip A.,
 
 49 NY2d 198, 200). The jury was entitled to credit Meyer’s testimony that he lost sensation in his arm, that it became discolored and swollen, and that he suffered substantial pain as the result of being struck with the baseball bat. The jury was also entitled to believe Meyer’s testimony that the absence of medical intervention was due to his subjective ability to withstand pain and/or to his lack of medical insurance.
 

 Finally, defendants’ assertion that the People impermissibly constructively amended the indictment by advancing a new theory at trial — that defendants acted with an unappre
 
 *637
 
 hended fourth man — must also be rejected. The People are not required to specify in an indictment whether a defendant is being charged as a principal or as an accomplice. For charging purposes, the distinction between principal and accomplice is academic.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order affirmed.