■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIN X. LU, Appellant. [687 NYS2d 164] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall,

J.), rendered October 10, 1996, convicting him of kidnapping in the first degree (two counts), robbery in the first degree (two counts), rape in the first degree, sodomy in the first degree, burglary in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence was legally insufficient is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

A circumstantial evidence charge is required where the evidence against a defendant is " 'wholly circumstantial' " (*People v Guidice,* 83 NY2d 630, 636). A defendant's statement is considered direct evidence if it constitutes " 'a relevant admission of guilt' " (*People v Guidice, supra,* at 636). Here, a detective testified that the defendant admitted that he participated in the robbery, kidnapping, and guarding of the victims. Additionally, one victim identified the defendant as the man who sodomized her. As the evidence against the defendant was not wholly circumstantial, a circumstantial evidence charge was not appropriate.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review. O'Brien, J. P., Joy, Krausman and Luciano, JJ., concur.