(May 30, 2006)

■ In the Matter of WINSTON W., a Person Alleged to be a Juvenile Delinquent, Appellant. [815 NYS2d 543]—

Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about September 8, 2004, which adjudicated appellant a juvenile delinquent, upon a fact-finding hearing that he had committed acts which, if committed by an adult, would constitute the crimes of assault in the third degree and menacing in the third degree, and placed him on probation for a period of 12 months, affirmed, without costs.

The determination of "substantial pain," one of the bases for establishing the "physical injury" element of the assault charge, is generally one for the factfinder (*see People v Guidice*, 83 NY2d 630, 636 [1994]), who is owed great deference, being in a position to observe witnesses describing the subjective pain they felt (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The complainant was punched in the face and other parts of the body, kicked and bitten, and he wound up on the ground. He was treated at the emergency room for his contusions and cut lip, and was given antibiotics for the bite wounds and Motrin for his headache, which continued to the next day. The totality of such injuries amounts to more than " 'petty slaps, shoves, kicks and the like,' " and therefore the finding of "substantial pain" was supported by sufficient evidence and was not against the weight of the evidence (*see Matter of Philip A.*, 49 NY2d 198, 200 [1980]).

The evidence also established the mental states for both assault and menacing, in that appellant intended to cause physical injury and also intended to place the victim in fear of physical injury; under the facts presented, there was nothing inconsistent about the two mental states. Concur—Buckley, P.J., Nardelli and Williams, JJ.

Gonzalez and McGuire, JJ., dissent in part in a memorandum by McGuire, J., as follows: In my view, Family Court's finding that appellant committed acts which, if committed by an adult,

would have constituted the offense of assault in the third degree was erroneous.[1] Accordingly, I respectfully dissent.

To satisfy the "physical injury" element of this offense, the presentment agency was required to prove "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). On this appeal, the presentment agency does not contend that the evidence established "impairment of physical condition," and thus the central issue is whether the evidence at the fact-finding hearing was legally sufficient to establish that appellant caused the complainant "substantial pain." Although the complainant was struck several times and sustained contusions, a cut lip, a scratch and a "small bite on the upper back," the record is devoid of any evidence that would support a finding of "substantial pain" (see People v Jimenez, 55 NY2d 895, 896 [1982]; Matter of Philip A., 49 NY2d 198, 200 [1980]). Notably, the complainant testified only that he had a headache "until the next day," and did not provide any testimony relating to the intensity of the pain. In fact, emergency room records admitted into evidence indicated that on a scale of 1 to 10 (with 10 denoting the highest level of pain), the complainant was experiencing "0" pain. However, I believe that appellant committed acts which, if committed by an adult, would constitute the crime of attempted assault in the third degree (see Penal Law § 120.00 [1]; § 110.00; see also Matter of Dwight M., 80 NY2d 792 [1992]; cf. CPL 470.15 [2] [a]).

The majority correctly notes that "[t]he determination of 'substantial pain,' one of the bases for establishing the 'physical injury' element of the assault charge, is generally one for the factfinder (see People v Guidice, 83 NY2d 630, 636 [1994]), who is owed great deference, being in a position to observe witnesses describing the subjective pain they felt (see People v Bleakley, 69 NY2d 490, 495 [1987])." But the facts of People v Guidice demonstrate that the majority's reliance on this general principle is misplaced. There, as the Court of Appeals stated (at 636), "[t]he jury was entitled to credit [the victim's] testimony that he lost sensation in his arm, that it became discolored and swollen, and that he suffered substantial pain as the result of being struck with the baseball bat." Here, in stark contrast, the complainant never testified that he suffered substantial pain, and thus there is no basis for appellate court deference to the factfinder. Indeed, in this case there was no testimony at all from the complainant about the intensity of the pain he experienced.

---

**1.** I agree with the majority that Family Court's finding that appellant committed acts which, if committed by an adult, would constitute menacing in the third degree, was supported by legally sufficient evidence.

To be sure, testimony from the victim of an alleged assault about the subjective intensity of the pain he or she experienced is not essential. As the Court of Appeals stated in *People v Rojas* (61 NY2d 726, 727 [1984]), in upholding the sufficiency of the evidence to sustain an assault conviction premised on the "substantial pain" component of the "physical injury" requirement, "the jury could infer that the pain was substantial, even though the victim gave no testimony concerning the degree of pain he felt."[2] In this case, Family Court could not reasonably draw that inference because there was uncontradicted evidence about the level of pain the complainant experienced that is inconsistent with such an inference. As noted, the emergency room records indicated that the complainant was experiencing no pain. This evidence, which is crucial to my conclusion, is ignored by the majority.

Finally, *Matter of Philip A.* (49 NY2d 198 [1980]) undercuts rather than supports the majority's position. There, the complainant was struck twice in the face—according to the dissent, the respondent hit him "not with an open hand, but with his fist" (*id.* at 201 [Cooke, Ch.J., dissenting])—which caused the complainant "pain, the degree of which was not spelled out, caused him to cry and caused a red mark" (*id.* at 200). Here, there was no testimony from the complainant that he was caused to cry, and he not only did not spell out any degree of pain, the medical records indicated that he experienced no pain. A contusion, a cut lip and a bite, of course, can cause "substantial pain," but that is not the invariable result. The prescription of antibiotics has no logical bearing at all on the issue of whether the complainant experienced substantial pain; the prescription of Motrin has at least some relevance to that issue, but cannot negate the medical records indicating that the complainant was experiencing no pain.

---

**2.** Notably, the injury at issue in *People v Rojas* was a "laceration of the victim's back 1.5 inches in length" that was caused by a gunshot, prompted the victim to return to the hospital the following day because the laceration "was oozing" and left a mark that "was still visible at the time of trial" (*People v Rojas,* 61 NY2d at 727).