■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant. [821 NYS2d 73]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., on dismissal motion; Lewis Bart Stone, J., at jury trial and sentence), rendered November 5, 2004, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

We need not determine whether the trial court's statements at the time it determined the evidence was legally sufficient to support the second-degree robbery charge were adequate to preserve defendant's challenge to the sufficiency of the evidence with respect to the physical injury element. In any event, the evidence was legally sufficient and the verdict was not against the weight of the evidence. Defendant hit the victim on her face and the back of her neck, causing severe and persistent pain that required her to take medication (*see People v Guidice*, 83 NY2d 630, 636 [1994]).

The court properly denied defendant's motion to dismiss the indictment, in which defendant alleged a violation of his right to testify before the grand jury. The record supports the motion court's conclusion that the prosecutor accorded defendant a reasonable opportunity to testify. The prosecutor kept counsel informed of the scheduling of the grand jury proceeding, and adjourned the proceeding at counsel's request until the time specified for defendant's release pursuant to CPL 180.80 was about to expire. Nevertheless, counsel failed to make his whereabouts known to the prosecutor on the morning scheduled for completion of the proceeding, and never accounted for his failure to appear timely.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Sweeny, Catterson, McGuire and Malone, JJ.