■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO PAGAN, Appellant. [923 NYS2d 99]—

Judgment, Supreme Court, Bronx County (Denis John Boyle, J., at hearing; Michael R. Sonberg, J., at jury trial and sentencing), rendered May 22, 2009, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant's sole challenge to the prompt showup identification is his claim that the police should have also shown the victim a second possible suspect. Police radio communications indicated that at the time the police stopped defendant, who met a detailed description of the alleged robber, another team of officers stopped a second man several blocks away, allegedly in response to the same radioed description. This man was apparently not detained for any significant period, and no stop-and-frisk report or other record was made of the stop. The hearing evidence did not establish whether, or to what extent, the second man may have met the description. In any event, regardless of whether the second man met the description, defendant has not provided any authority for the proposition that the police are constitutionally required to include alternative suspects in a showup. Moreover, defendant has not advanced any lawful basis for the police to detain and transport a person for investigatory purposes after they no longer consider the person a suspect.

The police stop of a second man around the time of defendant's arrest was also the subject of issues raised at trial. The trial court properly exercised its discretion when it precluded defendant from introducing a tape recording of the police broadcast of the stop of the second man, or the testimony of the officers who made the stop. Given the very limited information about this stop, the proffered evidence lacked any probative value either to challenge the reliability of the police investigation or to suggest third-party culpability.

The tape only established the fact that a second man was stopped at a particular place, but nothing about the second man's appearance. The officers could not recall the stop even after defense counsel played the tape for them. Defendant relies on the inference that if the police stopped the second man after hearing a description on the radio, he must have met the description. However, the record is consistent with various scenarios. Among other things, the police may have momentarily stopped the man and released him upon a realization that he did not meet the description, or the man may have attracted police attention for some kind of suspicious behavior unrelated

to the description. Accordingly, the court properly concluded that the proffered evidence was too speculative to have any probative value, and that any reference to the second man was likely to confuse or mislead the jury (*see People v Schulz*, 4 NY3d 521, 528 [2005]; *People v Primo*, 96 NY2d 351, 355-357 [2001]).

Defendant did not assert, except by way of an untimely postverdict motion (*see People v Padro*, 75 NY2d 820 [1990]), any constitutional right to introduce the precluded evidence. Accordingly, he did not preserve his constitutional claims (*see e.g. People v Lane*, 7 NY3d 888, 889 [2006]; *People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]; *see also Smith v Duncan*, 411 F3d 340, 348-349 [2d Cir 2005]), and we decline to review them in the interest of justice. As an alternative holding, we find no violation of defendant's right to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

Defendant did not preserve his challenge to the sufficiency of the evidence supporting the element of physical injury, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]). To the extent defendant is arguing that the verdict was against the weight of the evidence as to this element, we likewise reject that claim.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Freedman, Richter and Román, JJ.