■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHAQ DAVIS, Appellant. [984 NYS2d 357]—

Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered November 3, 2010, convicting defendant, after a jury trial, of assault in the second degree (two counts) and resisting arrest, and sentencing him to an aggregate term of five years, unanimously affirmed.

The verdict was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342, 348-349 [2007]). We find no basis for disturbing the jury's credibility determinations. As to each of the injured officers, the evidence established the element of physical injury (*see* Penal Law §§ 10.00 [9]). The evidence supports the conclusion that both officers' injuries were more than mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]), and caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]; *see also People v Guidice*, 83 NY2d 630, 636 [1994]).

The prosecutor did not significantly exceed the bounds of the court's *Sandoval* ruling, which permitted elicitation of two prior convictions but not their underlying facts. The prosecutor asked several questions that were essentially directed at identifying defendant's criminal contempt conviction, rather than eliciting its underlying facts. The record fails to support defendant's assertion that the prosecutor's questioning induced defendant to go into the facts. Instead, the prosecutor had merely asked defendant to admit or deny the existence of the prior conviction, without calling for an explanation. When defendant responded with a factual discussion and an exculpatory explanation, the court properly determined that defendant had opened the door to questioning on the underlying facts of the crime (*see People v Fardan*, 82 NY2d 638, 646 [1993]).

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Sweeny, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.