■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA MUHAMMAD, Appellant. [27 NYS3d 31]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered November 26, 2012, convicting defendant, after a jury trial, of assault in the second degree, resisting arrest, unlicensed operation of a motor vehicle and aggravated unlicensed operation of a motor vehicle in the second degree, and sentencing him, as a second felony offender, to an aggregate term of four years and a $500 fine, unanimously affirmed.

The verdict was based on legally sufficient evidence and not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's credibility determinations, including those relating to the arresting officer's characterizations of his injuries. The evidence amply supports the conclusion that defendant caused the officer physical injury. The officer's injuries were plainly more than mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]; *see also People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]).

The court properly exercised its discretion in permitting the People to introduce rebuttal evidence consisting of recorded phone conversations that contradicted defense evidence tending to show that defendant did not cause the officer's injuries and that he was the victim of police brutality (*see People v Hodges*, 99 AD3d 629, 630 [1st Dept 2012], *lv denied* 20 NY3d 1062 [2013]). Furthermore, even if the testimony was "not technically of a rebuttal nature but more properly a part of the offering party's original case," the court had discretion to allow it (CPL 260.30 [7]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Saxe and Kapnick, JJ.