■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MEDINA, Appellant. [31 NYS3d 58]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; Daniel P. FitzGerald, J., at jury trial and sentencing), rendered January 30, 2014, convicting defendant of robbery in the second degree and sentencing him, as a second violent felony offender, to a term of nine years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established the element of physical injury (*see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]). The victim testified that he was struck with enough force to knock him down, and in addition to an injury to his mouth, which caused him soreness and difficulty eating for three or four days, he had swelling under his eye (*see e.g. People v Mullings*, 105 AD3d 407 [1st Dept 2013], *lv denied* 21 NY3d 945 [2013]; *People v Deas*, 102 AD3d 464 [1st Dept 2013], *lv denied* 20 NY3d 1097 [2013]; *People v Mercado*, 94 AD3d 502 [1st Dept 2012], *lv denied* 19 NY3d 999 [2012]). The evidence also supports conclusions that defendant took the victim's phone during the attack, and that defendant used force for the purpose of stealing the phone.

We find, however, that the hearing court improperly denied defendant's suppression motion. Once the officers removed the backpack from the already handcuffed defendant and the

backpack was within the officer's dominion and control and outside the grabbable area, there was no longer any safety concern present that would have justified a search of its contents. Nonetheless, we find that this error was harmless because the items of defendant's clothing found in the backpack added little to the People's case and could not have affected the verdict (*see People v Crimmins*, 36 NY2d 230 [1975]).

By failing to make timely and specific objections, defendant failed to preserve his challenges to the People's comments during the voir dire of the first panel of prospective jurors, and we decline to review them in the interest of justice. As an alternative holding, we find that to the extent there were any improper questions, the court's instructions were sufficient to prevent any prejudice.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Renwick, Saxe, Gische and Kahn, JJ.