■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON HERRON, Appellant. [51 NYS3d 398]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered March 4, 2015, convicting defendant, after a jury trial, of assault in the second degree and resisting arrest, and sentencing him, as a second violent felony offender, to an aggregate term of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Initially, we find no basis for disturbing the jury's credibility determinations.

The evidence supports an inference that the injury to a detective who was attempting to arrest defendant was more than mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]), and that it caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). The injury to the detective's hand caused pain that lasted at least a week, required the use of pain relievers, and interfered with the detective's ability to work and perform other activities. The detective's hand was also splinted during an emergency room visit, which was followed up by other medical examinations. The jury was entitled to base its finding of substantial pain on the detective's testimony (*see People v Guidice*, 83 NY2d 630, 636 [1994]), which was corroborated in any event.

The evidence also established that the injury was caused by defendant when he was resisting arrest. Even if the precise manner in which the injury was caused is unknown, the only rational explanation of the injury is that defendant caused it in the course of his violent struggle with the detective.

The evidence also established that the detective was performing a lawful duty (Penal Law § 120.05 [3]), consisting of arresting defendant for selling drugs. The fact that the jury acquitted defendant of the sale charge does not warrant a different

conclusion (*see People v Rayam*, 94 NY2d 557 [2000]), particularly because the People were only required to prove that the detective had probable cause for an arrest, not that defendant was guilty beyond a reasonable doubt of the crime for which he was being arrested.

Defendant's arguments concerning the People's summation and the court's charge do not warrant reversal. Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.