People v Bekka (2018 NY Slip Op 02021)





People v Bekka


2018 NY Slip Op 02021


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kern, Singh, JJ.


6081 4363/15

[*1]The People of the State of New York, Respondent,
v
Steven Bekka, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered November 9, 2016, convicting defendant, after a jury trial, of assault in the second degree and obstructing governmental administration in the second degree, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the assault sentence to 4 years, and otherwise affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There was ample evidence that defendant caused physical injury to a court officer. The officer's testimony supported the conclusion that he sustained substantial pain and impairment of physical condition that persisted for two weeks (see People v Chiddick, 8 NY3d 445, 447 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]). To the extent that defendant challenges the credibility of the officer's description of his injuries, we find no basis for disturbing the jury's credibility determination.
Defendant did not preserve his challenges to the court's charge on physical injury, and to its response to a jury note on the same subject, and we decline to review them in the interest of justice. As an alternative holding, we find that the court sufficiently conveyed the applicable standards, and that its rereading of the initial charge was a meaningful response to the note. We have considered and rejected defendant's argument that his trial counsel rendered ineffective assistance by approving of the two instructions at issue.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK