People v Ross (2018 NY Slip Op 04971)





People v Ross


2018 NY Slip Op 04971


Decided on July 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


7066 3173/14

[*1]The People of the State of New York, Respondent,
v
Michael Ross, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Daniel R. Lambright of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Amended judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 10, 2015, convicting defendant, after a nonjury trial, of assault in the second degree, criminal possession of a forged instrument in the second degree (two counts), forcible touching, obstructing governmental administration in the second degree, resisting arrest and sexual abuse in the third degree, and sentencing him, as a second felony offender, to an aggregate term of seven years, unanimously modified, on the facts and as a matter of discretion in the interest of justice, to the extent of vacating the forged instrument convictions and dismissing those counts, and otherwise affirmed.
Defendant's argument that the assault count was not supported by legally sufficient evidence of physical injury is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We similarly find that the verdict was not against the weight of the evidence in this regard (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. There was ample evidence to support the conclusion that, at the very least, the injuries to an officer went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), and that they caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). During a struggle with defendant, an officer sustained lacerations, abrasions, and contusions on his elbow, hands and knees, and he reported significant pain that persisted for more than a week, and made it difficult to use his thumb.
However, we find that the evidence failed to establish the knowledge element of criminal possession of a forged instrument. While the two MetroCards, bent in a manner known to permit unpaid rides, qualified as forged instruments (see People v McFarlane, 63 AD3d 634 [1st Dept 2009], lv denied 13 NY3d 837 [2009]), the totality of circumstances did not establish, beyond a [*2]reasonable doubt, that defendant knew the cards were bent in that manner. The evidence was consistent with innocent explanations, such as that defendant picked up discarded MetroCards in the hope that they might have fares remaining on them.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 5, 2018
CLERK