People v Mejias (2019 NY Slip Op 08604)





People v Mejias


2019 NY Slip Op 08604


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


4477/16

[*1]10481 The People of the State of New York, Respondent,
v
Angelique Mejias, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered November 27, 2017, convicting defendant, after a jury trial, of assault in the second degree and disorderly conduct, and sentencing her to an aggregate term of five years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations, including those relating to the element of physical injury. The evidence warranted the inference that the victim's injuries went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), and that they caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]).
Defendant failed to preserve her claim that a summation remark by the prosecutor rendered the court's adverse inference charge inadequate to remedy the prejudice resulting from the loss of a videotape of the incident, and we decline to review it in the interest of justice. As an alternative holding, we find that the isolated summation remark at issue did not negate the adverse inference charge, which was the only remedy defendant ever requested, and that it did not require a mistrial (see generally People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). We have considered and rejected defendant's ineffective assistance of counsel claim. We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK