People v Ablakatov (2021 NY Slip Op 03285)





People v Ablakatov


2021 NY Slip Op 03285


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Ind No. 5756/12 5756/12 Appeal No. 13900 Case No. 2014-1187 

[*1]The People of the State of New York, Respondent,
v
Alo L. Ablakatov, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered July 31, 2013, as amended December 6, 2017 and March 7, 2018, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him to concurrent terms of five years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's arguments concerning the physical injury element of one of his robbery convictions are unavailing (see generally People v Chiddick, 8 NY3d 445, 447 [2007]). There is no basis for disturbing the jury's credibility determinations regarding the victim's account of his painful injuries to his rib area and hand (see People v Guidice, 83 NY2d 630, 636 [1994]). Furthermore, the victim's testimony was corroborated by other evidence.
Defendant preserved a Sandoval claim only to the extent that the court's ruling differed from the compromise ruling expressly requested by defense counsel. The court's Sandoval ruling balanced the appropriate factors and was a provident exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]; People v Walker, 83 NY2d 455, 458-459 [1994]). We decline to review the unpreserved portion of defendant's Sandoval claim in the interest of justice. As an alternative holding, we find it unavailing. The court was never alerted to the fact that defendant's felony conviction was pending on appeal. In any event, there was no risk that the ruling would violate defendant's right against self-incrimination (see People v Cantave, 21 NY3d 374, 381 [2013]), because the court precluded cross-examination about the underlying facts and only permitted the prosecutor to ask if defendant had been convicted of a felony.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021