People v Reid (2021 NY Slip Op 05172)





People v Reid


2021 NY Slip Op 05172


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Ind No. 78/17 78/17 Appeal No. 14255 Case No. 2018-4605 

[*1]The People of the State of New York, Respondent,
v
Cedric Reid, Defendant-Appellant.


Cedric Reid, appellant pro se.
Robert S. Dean, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered March 28, 2018, convicting defendant, after a jury trial, of robbery in the first and second degrees, kidnapping in the second degree and criminal impersonation in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.
After conducting an appropriate colloquy (see People v Arroyo, 98 NY2d 101, 103 [2002]), the court properly permitted defendant to represent himself for a portion of the trial, with defense counsel present. The record establishes that defendant was sufficiently apprised of all matters relevant to a waiver of counsel, such as the important role of an attorney and the disadvantages of self-representation. The record does not suggest that defendant had a mental condition that would affect his ability to waive counsel and proceed pro se (see People v Stone, 22 NY3d 520, 527-529 [2014]).
Defendant's arguments regarding the sufficiency and weight of the evidence supporting his second-degree robbery conviction are unavailing (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The evidence established the physical injury element of that crime (see generally People v Chiddick, 8 NY3d 445, 447 [2007]). There is no basis for disturbing the jury's credibility determinations regarding the victim's account of her painful injury (see People v Guidice, 83 NY2d 630, 636 [1994]).
Defendant's argument that the kidnapping charge merged with the robbery and impersonation counts is unpreserved (see People v Grega, 72 NY2d 489, 497 n2 [1988]), and we decline to review it in the interest of justice. As an alternate holding, we find that the conduct underlying the kidnapping was not incidental to and inseparable from the other crimes (see People v Gonzalez, 80 NY2d 146, 150 [1992]).
We perceive no basis for reducing the sentence. We have considered and rejected defendant's remaining claims, including those in his pro se brief.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021