People v Gregory (2022 NY Slip Op 02209)





People v Gregory


2022 NY Slip Op 02209


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Ind No. 02873/17 Appeal No. 15636 Case No. 2019-4370 

[*1]The People of the State of New York, Respondent,
v
Thomas Gregory, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered April 11, 2019, convicting defendant, after a jury trial, of assault in the second degree and sentencing him to a term of four years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant caused physical injury to a police officer with intent to prevent her from performing a lawful duty (see Penal Law § 120.05[3]). We find no basis for disturbing the jury's credibility determinations.
The element of physical injury was established by evidence that defendant repeatedly punched the officer, causing bruising, swelling to her face and neck, abrasions on her arms and pain in her right abdomen area. Photographic evidence corroborated some of the injuries. The officer was taken to the hospital where she initially reported her pain to be a 7 out of 10, although the pain subsided by the time she was released hours later. The jury could have reasonably concluded that the injuries went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), and caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]).
The evidence also supports the conclusion that when defendant assaulted the officer, his intent was to flee from a lawful detention, and thereby to prevent the officer from performing a lawful duty. Although defendant's dismissal motion generally addressed this element of the crime, he did not preserve a specific challenge to the lawfulness of the detention or assert that he had the right to refuse questioning and depart the scene (see People v Hawkins, 11 NY3d 484, 492 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we find that at the time of the assault, defendant was subject to a lawful investigative detention (see generally People v Hicks, 68 NY2d 234 [1986]) while the police gathered information relating to a complaint of violence that defendant's girlfriend had made against him.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022