People v Lopez (2023 NY Slip Op 50429(U))

[*1]

People v Lopez (Stephanie)

2023 NY Slip Op 50429(U)

Decided on May 10, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 10, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, Michael, JJ.

571050/18

The People of the State of New York, Respondent, 
against
Stephanie Lopez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Julio Rodriguez III, J.), rendered September 17, 2018, convicting her, upon her plea of guilty, of assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Julio Rodriguez III, J.), rendered September 17, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of assault in the third degree (see Penal Law § 120.00[1]). The instrument recites that defendant, while robbing the victim with a gun, "struck" him "repeatedly" in the "face and body with an open hand," causing him to "suffer redness and substantial pain to his face." Giving these allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), that they were sufficient at the pleading stage to support a finding that the defendant's actions constituted more than mere "petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" (Matter of Philip A., 49 NY2d 198, 200 [1980]; see People v Henderson, 92 NY2d 677 [1999]), and that they caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]). Defendant's intent to cause physical injury was inferable from her actions (see Matter of Edward H., 61 AD3d 473 [2009]; Matter of Joseph J., 299 AD2d 235 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 10, 2023