People v Smith (2024 NY Slip Op 00682)

People v Smith

2024 NY Slip Op 00682

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Oing, J.P., González, Shulman, Pitt-Burke, Higgitt, JJ. 

Ind No. 1300/19 Appeal No. 1629 Case No. 2020-01852 

[*1]The People of the State of New York, Respondent,
v
Damien Smith, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rachel Lindy of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered February 13, 2020, convicting defendant, after a jury trial, of attempted robbery in the second degree, and sentencing him to a term of 364 days, unanimously affirmed.
The evidence established that the victim sustained a "physical injury" beyond a reasonable doubt to support defendant's conviction of attempted second-degree robbery (Penal Law § 160.10[2][a]). To establish physical injury, the People were required to show "impairment of physical condition or substantial pain" (Penal Law § 10.00[9]). The victim's injury must go beyond "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), but need only cause "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). Evidence of physical injury does not require a showing that the victim received medical treatment (People v Guidice, 83 NY2d 630, 636 [1994]).
The victim testified that defendant initially put his arm around the victim's neck in a choke hold position, and that defendant subsequently began throwing punches, eventually punching the victim around the eye. A witness testified that he saw the defendant hitting the victim in the face and stomach. The victim testified that, following the attack, his eye felt "puffy" and "inflamed" after defendant punched him, and that he felt "pressure building," "pain," and "pulsing" around the eye a day or two later. The People also submitted a photograph demonstrating bruising under the victim's eye resulting from defendant's punches. This evidence supports the inference that the victim suffered "substantial pain" (Penal Law § 10.00[9]). In addition to establishing legal sufficiency, the evidence also established that defendant's conviction was not against the weight of the evidence.
The suppression court providently determined that the police officer had probable cause to arrest defendant. His constitutional due process and credibility claims are unpreserved because he failed to raise them before the suppression court. In any event, the suppression court did not violate defendant's due process rights in considering the policer officer's mistaken testimony that defendant had handed him the iPhone. The People were not required to present additional witnesses to correct this mistake. The error was disclosed to the suppression court prior to the police officer's testimony, which allowed the court to make its credibility determinations with this mistake in mind. We find no basis to disturb the suppression court's credibility determinations.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024