People v Doli (2024 NY Slip Op 51401(U))

[*1]

People v Doli (Isaac)

2024 NY Slip Op 51401(U)

Decided on October 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570717/17

The People of the State of New York, Respondent, 
against
Isaac Doli, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Laurence E. Busching, J.), rendered July 24, 2017, convicting him, after a nonjury trial, of attempted assault in the third degree, harassment in the second degree, two counts of attempted petit larceny, criminal trespass in the third degree and attempted criminal mischief in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Laurence E. Busching, J.), rendered July 24, 2017, affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The evidence warranted the conclusion that when defendant, an ex-boyfriend of the victim, kicked the front door of the victim's apartment off its hinges, entered her apartment, and struck her in the face, causing swelling and bruising, defendant did so with the intent to cause physical injury (see Penal Law §§ 110.00, 120.00[1]; Matter of Edward H., 61 AD3d 473 [2009]; Matter of Marcel F., 233 AD2d 442, 442-443 [1996]). Contrary to defendant's contention, defendant's actions constituted more than mere "petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" (Matter of Philip A., 49 NY2d 198, 200 [1980]; see People v Henderson, 92 NY2d 677 [1999]), and caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]).
With respect to the petit larceny charges, it can be reasonably inferred from the trial evidence that defendant stole the victim's cell phone and ipod. After striking the victim, defendant was observed walking over to a desk and putting items in his pocket, and the victim testified that she discovered her cell phone and iPod were missing soon after defendant left the premises.
Nor was the accusatory instrument jurisdictionally defective with respect to the petit larceny charges, since it sufficiently alerted defendant that he was charged with stealing both the cell phone and iPod and provided reasonable cause to believe that defendant stole both items (see People v Kalin, 12 NY3d 225 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 15, 2024