■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GIORDANO, Appellant. [856 NYS2d 568]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered February 3, 2006, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant was convicted of fourth-degree grand larceny, which requires a theft of property worth in excess of $1,000, based on testimony that he shoplifted two jackets whose tags indicated selling prices of $1,695 and $410, respectively. Defen-

dant concedes that, in this case, the selling price of the jackets constituted their market value for Penal Law purposes (*see People v Irrizari*, 5 NY2d 142, 146 [1959]). He nevertheless argues that the price tags constituted inadmissible hearsay, as did the testimony of two security guards, whose testimony as to the selling price of the jackets was based on the price tags. He further asserts that only sales or management personnel, rather than security guards, would have been competent to testify as to selling price.

We disagree. First, we conclude that the price tags were not hearsay. The tags were not offered as an assertion of value as distinct from selling price; as defendant concedes, only selling price itself is at issue here. Instead, the tags constituted circumstantial evidence of the price a shopper would have been expected to pay for the jackets. Thus, the tags were essentially verbal acts by the store, stating an offer to sell at a particular price (*cf. People v Ayala*, 273 AD2d 40 [2000], *lv denied* 95 NY2d 863 [2000] [directions given by one participant in the crime to another were nonhearsay circumstantial evidence of accessorial conduct]). Defendant asserts that the price tags did not establish the garments' actual selling price on the date defendant stole them, since the garments might have been on sale for a lower price that day. However, that factor would not affect the admissibility of the price tags as evidence of selling price, but rather the weight to be accorded them, and whether the tags alone could establish a prima facie case with regard to the element of value. Here, the guards testified that they were familiar with the store's procedures, with particular reference to an electronic scanning procedure that verified the correspondence, in this case, between the price tags and the actual selling prices of the jackets on the day in question. Furthermore, there was no evidence suggesting either or both of the jackets was being offered at a lower price than stated on the tags. The evidence permitted the jury to conclude there was no reasonable possibility that the actual selling price of the jackets fell below the statutory threshold (*see People v Trilli*, 27 AD3d 349 [2006], *lv denied* 6 NY3d 899 [2006]). Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.