■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CONCEPCION, Appellant. [890 NYS2d 490]—

The court properly denied defendant's suppression motion. Under the particular circumstances, the single-photo showup conducted at a police station did not create a substantial likelihood of irreparable misidentification. Even assuming, without deciding, that this procedure was inappropriate under *People v Riley* (70 NY2d 523 [1987]) because of its location, notwithstanding the fact that it occurred approximately an hour after the crime, we nevertheless conclude that it was confirmatory of an untainted identification the victims had already made (*see e.g. People v Gilbert*, 295 AD2d 275 [2002], *lv denied* 99 NY2d 558 [2002]). The victims had already pointed defendant out to the police, on the street, immediately after the robbery. Although it was a different team of officers who chased defendant, arrested him and recovered the robbery weapon, the circumstances, including the very specific and accurate description provided by the victims before the photo showup, preclude any reasonable possibility that defendant was not the same person the victims had identified. In any event, any error was harmless in view of the overwhelming circumstantial evidence, independent of identification testimony, establishing defendant's guilt.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). To the extent there were improprieties, they did not deprive defendant of a fair trial. We similarly reject that portion of defendant's ineffective assistance of counsel claim that relates to the absence of objections to the prosecutor's summation.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's strategic decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). The record suggests that counsel had strategic reasons for the conduct challenged on appeal, relating to the fact that defendant's defense emphasized claims of deliberate misidentification and police misconduct rather than simple mistaken identity. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.