■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN KING, Appellant. [958 NYS2d 101]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 12, 2010, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree, and sentencing him to a term of 1⅓ to 4 years, unanimously affirmed.

Contrary to defendant's assertion, the trial court properly deemed that a "training receipt" was a business record, that a proper foundation for its admission was laid and that it was therefore admissible in evidence. Pursuant to CPLR 4518 (a), made applicable to criminal proceedings pursuant to CPL 60.10, a document is admissible as a business record, if it is established that it was made in the ordinary course of a business, that it was the regular course of that business to make the record, and that the record was made contemporaneously with the event memorialized therein (*People v Cratsley*, 86 NY2d 81, 89 [1995]). Here, a senior customer representative (representative) employed by the complainant, an electronics store, testified that a training receipt was created every time the complainant's em-

ployees apprehended a shoplifter, that the purpose of the receipt was to ascertain and memorialize the property that was stolen, that it was the regular course of the complainant's business to create such receipts, and that the receipts were created within minutes of a shoplifter's apprehension. Based on the foregoing, the trial court properly admitted the training receipt in evidence and we find unavailing defendant's assertion that preclusion of the training receipt was warranted on grounds that it was created solely for purposes of litigation (*see People v Foster*, 27 NY2d 47, 52 [1970] ["Of course, records prepared solely for the purpose of litigation should be excluded. However, if there are other business reasons which require the records to be made, they should be admissible" (citations omitted)]).

We conclude that the trial court did not err in failing to submit to the jury the lesser included offense of criminal possession of stolen property in the fifth degree. CPL 300.10 (4) requires that "[t]he court must specifically designate and submit, in accordance with the provisions of sections 300.30 and 300.40, those counts and offenses contained and charged in the indictment which the jury are to consider . . . [and] [s]uch determination must be made, and the parties informed thereof, prior to the summations." However, a defendant is only entitled to a lesser included offense charge if he or she establishes "that the additional offense that he desires to have charged is a 'lesser included offense', i.e., that it is an offense of lesser grade or degree and that in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense. That established, the defendant must then show that there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater" (*People v Glover*, 57 NY2d 61, 63 [1982]).

Here, aware that the crime of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]) required that the stolen property have a value of $1,000 or more, defendant sought to have the trial court charge criminal possession of stolen property in the fifth degree (Penal Law § 165.40), a lesser included offense with no monetary value as one of its elements. However, while defense counsel made extensive in limine and summation arguments in support of his application to have the trial court charge the lesser included offense, he utterly failed to elicit any evidence controverting the training receipt and the value of the stolen property indicated therein. While generally a defendant has no obligation to present evidence, here, defend-

ant was required to demonstrate entitlement to the lesser offense. While defense counsel cross-examined the representative and the other witness who testified for the People, he failed to pose any questions that cast any doubt as to the accuracy of the contents of the training receipt. Moreover, the record was otherwise bereft of any other evidence with respect to the value of property recovered from defendant's person. Accordingly, no reasonable view of the evidence warranted charging the lesser included offense insofar as the only evidence before the jury with regard to the value of the stolen property was the training receipt, which indicated that it was valued in excess of $1,000.

Given the evidence that defendant stole several video games and that they exceeded $1,000 in value, acquittal would have been unreasonable (*People v Danielson*, 9 NY3d 342, 348 [2007]). Thus, we conclude that the jury's verdict was not against the weight of the evidence (*id.*).

In light of the foregoing, we do not reach defendant's remaining contentions. Concur—Andrias, J.P., Friedman, DeGrasse, Román and Gische, JJ.