■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUAMAR NASHAL, Appellant. [13 NYS3d 396]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered January 7, 2014, convicting defendant, after a jury trial, of grand larceny in the third degree and criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.

The People established, through competent evidence, that defendant stole a jacket worth $3,995 and a sweater worth $795 from a department store, and thus established that the value of the stolen merchandise exceeded $3,000. The value was established by way of a properly authenticated business record, and there was no violation of the hearsay rule or the Confrontation Clause.

A store detective testified that after catching defendant in the act of stealing the two items, he brought them to a cash register, where he watched a salesperson scan the codes on the garments' price tags and print out a receipt displaying their prices. The detective testified about his familiarity with store procedures, and that it was standard practice to make a receipt each time an item was shoplifted by using the same procedure that was used for a purchase, that the receipt at issue was made pursuant to that practice by scanning the code on the price tag, which caused the price of the item (including any sale price, if applicable) to be listed on the receipt, and that the receipt was made at time of the transaction being memorialized. Thus, we find that the receipt qualified as a business record (*see generally* CPLR 4518 [a]).

We find unavailing defendant's assertion that the receipt should have been excluded because it was prepared solely for the purpose of litigation. First, the essential business record in this case is not the piece of paper, but the electronically stored information that the garments were selling for certain prices. The price information itself was clearly maintained for the store's business purposes. The actual piece of paper introduced in evidence was simply a printout of the existing electronically stored information, displayed and memorialized in a convenient form. Second, even if the record was intended to be used in defendant's criminal prosecution, the witness testified that the store makes records of this type in all instances of shoplifting, and "if there are other business reasons which require the records to be made, they should be admissible" (*People v Foster*, 27 NY2d 47, 52 [1970]).

We also find that the store detective was competent to authenticate the record. A proper foundation for admission of a business record may be laid by a witness familiar with the practices and procedures of the particular business; the person who prepared the record need not testify (*see People v Brown*, 13 NY3d 332, 341 [2009]; *People v Kennedy*, 68 NY2d 569, 577 [1986]). Here, the store detective had sufficient familiarity with the store procedures regarding the creation of such receipts to lay a foundation for its admission (*see People v Giordano*, 50 AD3d 467, 468 [1st Dept 2008], *lv denied* 10 NY3d 959 [2008]). The witness was clearly competent to state the unremarkable and familiar fact that when the code on an item is scanned, the computer reveals the item's price, including any applicable sale price. There was no need for further explanation of how the computer system "functioned," or any reason to believe that a salesperson could provide significantly different information.

Similarly, the admission of the receipt did not violate defendant's right of confrontation, because the document was not testimonial (*see People v Pealer*, 20 NY3d 447, 453 [2013]), even if it could be deemed a statement by the salesperson who operated the cash register (*see Giordano*, 50 AD3d at 468). As noted previously, the computerized cash register simply located and printed out a set of preexisting, nontestimonial electronically stored price information. Such "machine-generated raw data" is not a testimonial statement, contains no "subjective analysis" implicating the right of confrontation (*see People v Brown*, 13 NY3d at 336, 340 [2009]; *People v Meekins*, 10 NY3d 136, 158-159 [2008], *cert denied* 557 US 934 [2009]), and is not the functional equivalent of testimony.

The court properly declined to submit various lesser included offenses not requiring proof of value in excess of $3,000, because there was no reasonable view of the evidence, viewed most favorably to defendant, that the merchandise he stole did not meet that value threshold (*see People v King*, 102 AD3d 434, 435-436 [1st Dept 2013], *lv denied* 20 NY3d 1100 [2013]). There was no evidence casting doubt on the accuracy of the price information received from the computerized cash register, or on the store detective's testimony that the computer would reflect any applicable sale price. Defendant's alternative scenarios are farfetched and speculative. Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.