■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN ORTIZ, Appellant. [33 NYS3d 18]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered February 13, 2014, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.

The People established the value of the stolen merchandise at issue by introducing a document that was correctly admitted as a properly authenticated business record, and was, in any event, merely a printout displaying electronically stored price information (*see People v Nashal*, 130 AD3d 480 [1st Dept 2015], *lv denied* 26 NY3d 1010 [2015]; *People v King*, 102 AD3d 434, 434-435 [1st Dept 2013], *lv denied* 20 NY3d 1100 [2013]).

The evidence was materially indistinguishable from the evidence presented in *Nashal*, and defendant's arguments to the contrary are unavailing. A security employee was competent to testify, based on his experience, that a "training receipt" simply shows the correct, current prices of any items scanned into the register, without recording an actual sale.

The court properly declined to submit lesser included offenses not requiring value in excess of $1,000, because there was no reasonable view of the evidence, viewed most favorably to defendant, that the total value of the merchandise he stole did not meet that threshold. The security employee provided integrated testimony (*see People v Negron*, 91 NY2d 788 [1998]) establishing the identity of the stolen items he recovered from defendant, and there was no reasonable view to the contrary. Likewise, there was no reasonable view that the information on the training receipt failed to reflect the actual value of these items (*see Nashal*, 130 AD3d at 482; *King*, 102 AD3d at 435-436).

We similarly find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]). Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels and Kahn, JJ.