Pritzker, J.
 

 Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered January 7, 2015, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered May 28, 2015, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
 

 Defendant was convicted following a jury trial of one count of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree in connection with a controlled buy of heroin. He was sentenced as a second felony offender to an aggregate prison term of nine years, followed by two years of postrelease supervision. Defendant unsuccessfully moved, pro se, pursuant to CPL 440.10 to vacate the judgment of conviction. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.
 

 Initially, we find no reason to disturb County Court’s denial of defendant’s motion to vacate the conviction pursuant to CPL 440.10 based upon the inaccurate testimony of the investigating officer before the grand jury. The investigating officer testified before the grand jury, and later at the Wade hearing, that he listened to the controlled buy in real time via transmitter carried by the confidential informant (hereinafter Cl). At trial, however, the officer explained that he misspoke when he testified before the grand jury that he listened to the transaction “in live time.” He testified that he gave the Cl only a recorder, rather than a transmitter, because the transmitter could not be discreetly attached to the Cl’s clothing, and he explained that he failed to review his notes very well prior to appearing before the grand jury and did not discover his error until he was preparing for trial. As the officer’s inaccurate testimony was clearly placed on the record before County Court and was apparent during the trial, the issue “could have been raised upon direct appeal, thus foreclosing CPL article 440 relief” (People v Hillriegel, 78 AD3d 1381, 1382 [2010]; see People v Angelakos, 70 NY2d 670, 672-673 [1987]; People v Monteiro, 149 AD3d 1155, 1156 [2017]; People v DePerno, 148 AD3d 1463, 1464 [2017], lv denied 29 NY3d 1030 [2017]).
 

 To the extent that defendant is appealing the denial of his motion to dismiss the indictment pursuant to CPL 210.20 (1) (c), there is no evidence that the People deliberately elicited false testimony (see People v Smith, 145 AD3d 1628, 1631 [2016]; People v Klosin, 281 AD2d 951, 951 [2001], lv denied 96 NY2d 864 [2001]). Even absent the officer’s erroneous testimony, the remaining admissible proof before the grand jury was sufficient, as it included two consistent accounts of the controlled buy and the Cl’s identification of defendant (see People v Acevedo, 118 AD3d 1103, 1105-1106 [2014], lv denied 26 NY3d 925 [2015]).
 

 Defendant also appeals County Court’s ruling at the Wade hearing, in which the court properly declined to suppress the Cl’s identification of defendant. At the Wade hearing, the investigating officer was the sole witness and testified that the Cl had purchased narcotics from defendant prior to the controlled buy. The officer also testified that the Cl had roughly one minute of face-to-face contact with defendant during the buy. After the buy, the Cl gave a description of defendant, as well as described a tattoo that she observed on defendant’s neck that read, “Do or die.” After hearing this description, the officer presented the Cl with defendant’s mugshot, and she identified defendant as the person from whom she had just purchased drugs. The single-photograph identification procedure was not unduly suggestive and therefore did not violate due process as it was confirmatory in nature (see People v Adio, 111 AD3d 757, 758 [2013], lv denied 23 NY3d 1033 [2014]; People v Concepcion, 68 AD3d 404, 405 [2009], lv denied 14 NY3d 770 [2010]; People v Montgomery, 213 AD2d 563, 564 [1995], affd 88 NY2d 926 [1996]).
 

 Defendant also argues that County Court erred in denying his CPL 330.30 motion to set aside the verdict in light of County Court’s reliance on the officer’s inaccurate testimony during the Wade hearing. As defendant failed to move to reopen the Wade hearing after the officer initially disclosed the inaccuracies in earlier testimony, this claim is unpreserved (see CPL 470.05 [2]; People v Morris, 140 AD3d 1472, 1472-1473 [2016], lv denied 28 NY3d 1074 [2016]). In any event, defendant effectively cross-examined the officer about his incorrect testimony, and the testimony about overhearing that transaction in real time was not so crucial to County Court’s suppression ruling, particularly in light of the additional evidence, as to command reversal (see People v McClendon, 92 AD3d 959, 960 [2012], lv denied 19 NY3d 865 [2012]).
 

 McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.
 

 Ordered that the judgment and order are affirmed.