People v Santiago (2018 NY Slip Op 03764)





People v Santiago


2018 NY Slip Op 03764


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, JJ.


6680 551/03

[*1]The People of the State of New York, Respondent,
v
Edwin Santiago, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (David Crow of counsel), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Neil P. Kelly of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered June 8, 2012, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 21 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification, including its evaluation of the strengths and weaknesses of the testimony of three identifying witnesses.
The court providently exercised its discretion in ruling that if defendant introduced evidence of a current measurement of his height, this would open the door to the People's introduction of a photograph of defendant indicating a different height. This ruling did not deprive defendant of a fair trial or impair his defense.
Defendant sought to establish that his height was actually five feet, six inches, which is several inches less than the witnesses' estimates of the assailant's height, as well as the estimate of defendant's height given by one of the officers who arrested him. The court ruled that if the defense introduced evidence of a contemporaneous height measurement of five feet, six inches, the People could introduce a redacted photo from the Department of Correction depicting defendant in front of a ruler that showed his height as five feet, eight inches.
The photo was admissible as a business record (see CPLR 4518[a]; People v Cratsley, 86 NY2d 81, 89-90 [1995]; People v Nashal, 130 AD3d 480 [1st Dept 2015], lv denied 26 NY3d 101 [2015]). Although the photo, the most recent of several which portrayed defendant in custody at varying heights, may not have accurately recorded defendant's height at five feet, eight inches, it was reliable to the extent that, if defendant introduced evidence that his height was five feet, six inches, the photo showed that he could have manipulated his apparent height while being measured.
Furthermore, the photo was not unduly prejudicial. The court ordered various numerous redactions and precautions in the event the People introduced the photo, in order to avoid any suggestion that it was taken while defendant was in custody. Moreover, even if the jury might still have speculated that it was an arrest photo, it already knew that defendant had been arrested for the present crime and on another occasion relevant to the investigation, so any potential for prejudice was minimal. We find unpersuasive defendant's assertion that the photo nevertheless suggested additional, uncharged criminal activity.
In any event, although defendant ultimately opted not to introduce the evidence of his height, for fear of opening the door to admission of the photo, there was no impairment of his right to present a defense. The court's ruling did not preclude defendant from introducing evidence; instead, it merely gave the People an opportunity for rebuttal. Additionally, defendant still was able to elicit that, based on his own report of his height, arrest paperwork stated his [*2]height as five feet, five inches, and he elicited inconsistencies in the prosecution witnesses' testimony regarding his height.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK