Matter of Nyshawn L. (2019 NY Slip Op 00573)





Matter of Nyshawn L.


2019 NY Slip Op 00573


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8246

[*1]In re Nyshawn L., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Deborah E. Wassel of counsel), for presentment agency.



Order of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about July 7, 2017, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and placed him on probation for a period of 18 months, unanimously affirmed, without costs.
The petition was facially sufficient to establish the value of three phones stolen from a store. The supporting deposition of the store's operations manager provided the requisite "plain and concise factual statement" (Family Court Act § 311.1[3][h]), because it stated the specific total value of the phones.
Appellant did not preserve his claim that the evidence at the fact-finding hearing was legally insufficient to establish the value of the phones, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Furthermore, the court's finding was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence, viewed as a whole, supported the conclusion that the value (see Penal Law § 155.20[1]) of the phones was well in excess of the statutory threshold of $1000 (see People v Nashal, 130 AD3d 480 [1st Dept 2015], lv denied 26 NY3d 1010 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK