People v Seador (2019 NY Slip Op 01501)





People v Seador


2019 NY Slip Op 01501


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8558 4830/15 3607/15 8557

[*1]The People of the State of New York, Respondent,
v
Michael Seador, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Katherine M.A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress and Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered August 18, 2016, as amended August 25, 2016, convicting defendant, after a nonjury trial, of burglary in the second degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of five years, and judgment, same court and Justice, rendered September 29, 2016, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him, as a second felony offender, to a consecutive term of five years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Initially, we find no basis for disturbing the court's credibility determinations.
The evidence as a whole, "including proof adduced by the defense" (People v Hines, 97 NY2d 56, 61 [2001]), establishes that defendant knew that his entry into his former employer's basement warehouse was unlawful. Even accepting defendant's testimony that he never saw an email terminating his employment, and that he had previously been given a key to the basement warehouse when he worked there before his team moved, the evidence, including his own testimony, establishes that he was aware that he was not licensed or privileged to be in the warehouse at the time of the theft (see People v Gonzalez, 151 AD3d 540 [1st Dept 2017], lv denied 29 NY3d 1127 [2017]; People v Powers, 138 AD2d 806, 807-808 [3d Dept 1988]). Defendant admitted that he knew he had no permission to be in the basement without a business purpose, and that he had no business reason to be there at the time. Furthermore, the fact that he entered through the freight entrance, as opposed to checking in through the front desk, in accordance with standard practice, also supports the inference that he was aware he was not authorized to be in the warehouse. The leisurely pace of his actions captured in the surveillance videos can be explained by the fact that he was in fact not aware of the cameras, despite his testimony otherwise.
The evidence also established the value element of fourth-degree grand larceny. Although the retail clothing items that defendant attempted to steal from his former employer were no longer offered for sale and were being given away as gifts for business-related purposes, they still had a "market value" (Penal Law § 155.20[1]; see People v Colasanti, 35 NY2d 434 [1974]). Based on the original price tags reflecting a total retail price of $8,582 (see People v Giordano, 50 AD3d 467, 468 [1st Dept 2008], lv denied 10 NY3d 959 [2008]), along with other factors such as that the items were still brand new and were not so outdated as to even be worthless as business gifts, the court, as factfinder, could have reasonably inferred that the items no longer had the market value reflected in their original selling prices, but still had a market value of at least $1,000 at the time of the theft (see People v Stein, 172 AD2d 1060 [4th Dept [*2]1991], lv denied 78 NY2d 975 [1991]).
We perceive no basis for directing that the sentences on the plea and trial convictions be served concurrently.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK