People v Vasquez (2024 NY Slip Op 01276)

People v Vasquez

2024 NY Slip Op 01276

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 1654/18 Appeal No. 1825 Case No. 2019-5849 

[*1]The People of the State of New York, Respondent,
v
Randy Vasquez, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Sean Nuttall of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jillian Lewis of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane Kiesel, J.), rendered March 26, 2019, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously modified, on the law and the facts, to grant the defendant's motion to suppress the showup identification, and otherwise affirmed.
The cumulation of the circumstances surrounding the showup, including that defendant was handcuffed and surrounded by several officers, with bottles of the stolen cosmetics scattered on the ground around him, as well as the alleged comments made by two of the officers to the identifying witness before and during the identification, rendered it unduly suggestive (People v Cruz, 129 AD3d 119, 127 [1st Dept 2015]). The challenged features of the showup were not the result of an unbroken chain of exigent events, where the identification occurred approximately 30 minutes after defendant's arrest and the police transported the identifying witness to the site of defendant's arrest to conduct the procedure (Cruz, 129 AD3d at 124-125).
We hold, however, that the court's error in admitting the showup identification was harmless in view of the overwhelming circumstantial evidence, independent of the identification, establishing defendant's guilt (People v Concepcion, 68 AD3d 404, 405 [1st Dept 2009], lv denied 14 NY3d 770 [2010]). In support of their case, the People introduced video surveillance which showed an individual stealing a significant number of cosmetics from Duane Reade, and defendant's appearance at the time of arrest matched both that in the video and the description given in the identifying witness' 911 call. An officer testified that defendant was apprehended after the theft, two blocks away from the Duane Reade, when he was observed walking with items seemingly falling out from his pants legs. Upon arrest defendant was found to be in possession of over 100 stolen cosmetic items, whose ownership and value the police confirmed by scanning them into the Duane Reade store's cash register. Finally, the jury convicted defendant despite the identifying witness' inability to identify defendant in court.
The court properly declined to instruct the jury on the lesser included offense of petit larceny because there was no reasonable view of the evidence, viewed most favorably to defendant, that would support a finding that the total value of the stolen merchandise was less than the $1,000 statutory threshold for fourth-degree grand larceny (see Penal Law §§ 155.25, 155.30[1]; People v Rivera, 23 NY3d 112, 120-121 [2014]). There is no basis to conclude that the training receipt, generated by a store employee after scanning the stolen merchandise recovered by the police, did not accurately reflect the number and value of the recovered items (see People v Ortiz, 139 AD3d 592, 592-593 [1st Dept 2016], lv denied 28 NY3d 935 [2016]; People v Nashal, 130 AD3d 480, 482 [1st Dept [*2]2015], lv denied 26 NY3d 1010 [2015]). Defendant's contention that the employee may have inadvertently scanned unrelated items is speculative.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024