■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GONZALEZ, Appellant. [874 NYS2d 118]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered March 16, 2007, convicting defendant, after a jury trial, of robbery in the second and third degrees, grand larceny in the third degree and grand larceny in the fourth degree (three counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The element of force required for the robbery convictions was established by evidence that defendant, after stealing several items from a store, engaged in pushing, fighting and kicking in an effort to defeat two store employees' efforts to recover the property. Since defendant was in possession of the stolen property while he was engaged in such use of force and never discarded or even sought

to relinquish it, the evidence supports the inference that his purpose in using force was to retain control of the property and not merely to escape or defend himself (*see e.g. People v Brandley*, 254 AD2d 185 [1998], *lv denied* 92 NY2d 1028 [1998]). Force employed by a thief to repel force initiated by a victim to prevent the thief from retaining the stolen property is still force within the meaning of Penal Law § 160.00 (1).

The court properly denied defendant's request to submit to the jury robbery in the third degree as a lesser included offense of robbery in the second degree with respect to one of the employees. Given the nature of the wounds inflicted, which included bloody cuts, abrasions and a bite wound, the fact that the employee received medical treatment including stitches, and the employee's testimony that he was unable to write for several days and felt pain for a week or two after the incident, there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the robbery but did not cause the employee physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Beasley*, 238 AD2d 433 [1997], *lv denied* 90 NY2d 938 [1997]). In determining whether the evidence warranted submission of the lesser included offense, "[o]ur inquiry is not directed at whether persuasive evidence of guilt of the greater crime exists, as it does here, but whether, under any reasonable view of the evidence, it is possible for the trier of facts to acquit defendant on the higher count and still find him guilty of the lesser one." (*People v Van Norstrand*, 85 NY2d 131, 136 [1995].) Here, the evidence was not merely persuasive that the employee sustained physical injury; the jury had no rational basis upon which to conclude that the injuries were merely "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]) that did not satisfy the statutory definition (*People v Chiddick*, 8 NY3d 445 [2007]). Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.