■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR DIGGS, Appellant. [874 NYS2d 457]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered September 26, 2006, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.

The court properly declined to submit third-degree robbery as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, that the victim did not sustain physical injury as defined by Penal Law § 10.00 (9), a necessary element of second-degree robbery under Penal Law § 160.10 (2) (a).

In robbing a sidewalk food vendor, defendant punched the victim in the head and body, knocked him down and dragged him along the sidewalk in an effort to get his money, carried in a pouch strapped around the victim's waist and neck. Witnesses, including responding police, testified that the victim was bleeding. The victim testified that the pain from his injuries was intense, causing him to scream on one occasion, that he experienced difficulty using his wrist and that he continued to experience pain for about one month. Medical records established that the victim sustained a closed head injury with swelling, along with contusions to the wrist, elbow and knee, and "mild painful distress." The victim received pain medication by injection (Toradol) and a prescription for another pain medication (Vicodin).

In determining whether the evidence warranted submission of the lesser included offense, "[o]ur inquiry is not directed at whether persuasive evidence of guilt of the greater crime exists, as it does here, but whether, under any reasonable view of the evidence, it is possible for the trier of facts to acquit defendant on the higher count and still find him guilty of the lesser one." (*People v Van Norstrand*, 85 NY2d 131, 136 [1995].) Whether a victim sustained "substantial pain" (Penal Law § 10.00 [9]) is generally a question for a trier of fact, which is free to credit or

discredit the victim's assessment of the injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]). Here, however, the jury would have had no basis for finding that defendant forcibly stole property, but without causing "substantial pain" to the victim (*see People v Beasley*, 238 AD2d 433 [1997], *lv denied* 90 NY2d 938 [1997]).

Defendant argues that the evidence suggested the victim "may have suffered only limited injuries." Nevertheless, the Court of Appeals has recently explained that an injury as minor as a broken fingernail may satisfy the statutory definition, if it causes "more than slight or trivial pain." (*People v Chiddick*, 8 NY3d 445, 447 [2007].) Here, there was no reasonable view of the evidence that would have permitted the jury to find that these injuries did not reach the level of "more than slight or trivial pain."

Any error in failing to redact a reference to robbery from the history portion of the victim's medical records was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.