■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT BONILLA, Appellant. [956 NYS2d 24]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the

jury's credibility determinations. It is undisputed that defendant stole merchandise from a store, and the evidence, viewed as a whole, supports the conclusion that the shoplifter was the same person who sprayed a pursuing cashier in the face with a noxious substance.

The court properly declined to submit robbery in the third degree as a lesser included offense. There was no reasonable view of the evidence, viewed most favorably to defendant, that defendant used force against the cashier to retain stolen property but did not cause physical injury within the meaning of Penal Law § 10.00 (9) (see People v Diggs, 60 AD3d 459 [1st Dept 2009], lv denied 12 NY3d 914 [2009]; People v Gonzalez, 60 AD3d 447, 448 [1st Dept 2009], lv denied 12 NY3d 915 [2009]). The cashier's testimony, the testimony of witnesses who observed the cashier's condition and heard him screaming after he was sprayed, and the testimony of law enforcement and medical witnesses as to the effects of being sprayed with mace or pepper spray compelled a conclusion that the cashier sustained "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). The evidence did not merely provide persuasive evidence that the cashier sustained physical injury; instead, the jury would have had no rational basis to conclude otherwise. Concur—Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.