■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES UMSTEAD, Appellant. [21 NYS3d 249]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at suppression hearing; Juan M. Merchan, J., at jury trial and sentencing), rendered December 20, 2012, convicting defendant of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of six years, unanimously modified, on the law and in the interest of justice, to the extent of vacating the second

violent felony offender adjudication and remanding for resentencing, and otherwise affirmed.

The court properly denied defendant's suppression motion. Defendant's claim that a showup should have been suppressed as fruit of an unlawful seizure is unpreserved because counsel made no suppression arguments, and because the record does not establish that the court "expressly decided" the same issue raised on appeal "in re[s]ponse to a protest by a party" (CPL 470.05 [2]; *see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *People v Colon*, 46 AD3d 260, 263-264 [1st Dept 2007]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find that the radioed description of the assailant was sufficiently detailed, given the very close temporal and spatial factors (*see e.g. People v Rampersant*, 272 AD2d 202 [2000], *lv denied* 95 NY2d 870 [2000]), so as to provide reasonable suspicion warranting an investigatory detention of defendant for prompt identification by the victim.

The court properly declined to submit attempted third-degree robbery as a lesser included offense of attempted second-degree robbery under Penal Law § 160.10 (2) (a), since there was no reasonable view of the evidence, viewed most favorably to defendant, that the victim did not sustain a physical injury (*see People v Diggs*, 60 AD3d 459, 460 [1st Dept 2009], *lv denied* 12 NY3d 914 [2009]). The victim's integrated and unimpeached testimony (*see People v Negron*, 91 NY2d 788, 792-793 [1998]) established that defendant repeatedly punched him in the face, causing a bloody cut inside his mouth and substantial pain that made eating difficult, and that lasted for several days, after which the victim visited a doctor. There is no evidence to support any inference that the victim may have exaggerated his injuries.

Defendant was improperly adjudicated a second violent felony offender, because the New Jersey statutes under which he was previously convicted were broader than the applicable New York statutes, and the lack of equivalency is plain without the need for examination of accusatory instruments. On remand, the People may allege a different prior felony conviction, if there is one, as a predicate felony. Concur—Friedman, J.P., Andrias, Gische and Kapnick, JJ.