People v Spinac (2020 NY Slip Op 04002)





People v Spinac


2020 NY Slip Op 04002


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Oing, Singh, JJ.


11844 826/17

[*1] The People of the State of New York, Respondent,
v
Leverett Spinac, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered June 27, 2018, convicting defendant, after a jury trial, of assault in the second degree, aggravated harassment in the second degree (two counts), criminal possession of a weapon in the fourth degree and stalking in the third degree (two counts), and sentencing him to an aggregate term of 3½ years, with three years' postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the prison components of all sentences to time served, and otherwise affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the determinations. The trial evidence established that the defendant engaged in a 10-month campaign of harassment, wherein he terrorized the attorneys and two female staff at the law firm representing his wife in divorce proceedings. The defendant called the firm more than 1,500 times during that period, and engaged in vile communication which became progressively more sexual, racist and threatening in nature. The evidence likewise supports the conclusion that defendant caused physical injury to his wife's matrimonial lawyer when defendant hit the victim in the shin with his four-pronged cane during a court proceeding. To establish physical injury, the People were only required to prove that the victim's injury went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]). Relatively minor injuries causing moderate, but "more than slight or trivial pain" may suffice (see People v Chiddick, 8 NY3d 445, 447 [2007] [fingernail injury]), as may injuries that did not require any medical treatment (see People v Guidice, 83 NY2d 630, 636 [1994]). The victim testified that the assault caused a bruise lasting over a week, that it caused her to favor the injured leg, that she treated it with ice, and that it caused pain rating a 7 on a scale of 1 to 10 when she touched it. In addition, the evidence included photographs of the victim's bruise, and eyewitness testimony that the victim appeared to be in pain at the time of the attack and that her leg changed colors. Accordingly, the jury could have reasonably drawn an inference of substantial pain (see e.g. People v Ross, 163 AD3d 428, 429 [1st Dept 2018]; People v Black, 156 AD3d 413 [1st Dept 2017], lv denied 30 NY3d 1113 [2018]).
While we otherwise find no basis to disturb defendant's sentence and do not consider him deserving of this court's leniency, we exercise our interest of justice jurisdiction. In so doing, we extend to him the compassion and consideration he neglected to show the four women simply [*2]doing their jobs, and reduce his sentence to time served because of defendant's age and chronic health conditions (including coronary artery disease, hypertension and diabetes), and the fact that he has only a few months to serve before his release date.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK