People v West (2022 NY Slip Op 03873)

People v West

2022 NY Slip Op 03873

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Ind. No. 4127/17 Appeal No. 16126 Case No. 2020-00335 

[*1]The People of the State of New York, Respondent,
v
Keldin West, Defendant-Appellant.

Jeffrey Chabrowe, New York, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.

Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered October 23, 2019, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established robbery under the theory of forcible retention of stolen property immediately after the taking (Penal Law § 160.00 [1]), while causing injury (Penal Law § 160.10[2][a]). The evidence, including the victims' testimony and a surveillance videotape, supports the jury's finding that defendant reached into a money bin at a fruit stand and stole its contents. The evidence likewise supports the finding that when confronted about the theft, defendant assaulted one of the victims for the purpose of retaining the stolen money, and not merely to escape or defend himself (see People v Gordon, 23 NY3d 643, 650 [2014]; People v Gonzalez, 60 AD3d 447, 447-48 [1st Dept 2009], lv denied 12 NY3d 915 [2009]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's failure to request jury charges on circumstantial evidence and justification fell below an objective standard of reasonableness, or that, as to either or both of these charges, the court would have granted the request, or that the jury would have reached a different verdict if so instructed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022