People v Doe (2023 NY Slip Op 00276)

People v Doe

2023 NY Slip Op 00276

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Ind. No. 3488/18 Appeal No. 17171 Case No. 2020-00236 

[*1]The People of the State of New York, Respondent,
v
John Doe, Also Known as Marcel Brannum, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele S. Rodney, J.), rendered November 25, 2019, as amended December 17, 2019, convicting defendant, after a jury trial, of attempted robbery in the second degree, robbery in the third degree and grand larceny in the fourth degree (six counts), and sentencing him to a term of five years on the attempted robbery conviction, consecutive to an aggregate term of two to six years on the remaining convictions, unanimously affirmed.
Defendant's challenges to the sufficiency and weight of the evidence supporting the physical injury element of attempted second-degree robbery are unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). To establish physical injury, the People were required to prove that the victim's injury went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]). Relatively minor injuries causing moderate, but "more than slight or trivial pain" may suffice (People v Chiddick, 8 NY3d 445, 447 [2007]), as may injuries that did not require any medical treatment (see People v Guidice, 83 NY2d 630, 636 [1994]).
Here the evidence supporting an inference that defendant caused substantial pain to the victim far exceeded the required threshold. Defendant attempted to forcibly pull the victim's backpack from her back as she was going through a subway turnstile. As he struggled with her, he repeatedly banged her against the turnstile bars and supports. The victim testified that after the attempted robbery she felt "a radiating, throbbing" pain, mostly in her back and shoulders, which she rated as "9 out of 10," that she had bruises, cuts, and redness on her back, that she had "substantial pain" in her left arm, that she had trouble sleeping for about a month, and that she took pain relievers for two weeks. She also testified that it took at least a month for the bruise on her shoulder to fade, and two to three months for "each painful area" to get better. In addition, the evidence included photographs of the victim's injuries, and the testimony and notes of a chiropractor whom the victim saw the day after the incident. Accordingly, the jury could have reasonably drawn an inference of substantial pain (see e.g. People v Spinac, 185 AD3d 498, 499 [1st Dept 2020], lv denied 35 NY3d 1070 [2020]).
Defendant's principal argument to the contrary is an assertion that the victim's pain could have been the result of a condition that had been treated by the chiropractor earlier that year. The claim that this condition suddenly and coincidentally reoccurred at the time of the crime is speculative, implausible, and contradicted by the evidence, which shows that the prior condition had been different and much less severe, and that it had been treated with complete success three months before this incident.
Moreover, on these facts, no reasonable view of the evidence, viewed most favorably to defendant, supports the conclusion that he did not cause physical [*2]injury. Accordingly, the court correctly declined to charge the lesser included offense of attempted robbery in the third degree (see e.g. People v Gonzalez, 60 AD3d 447, 448 [1st Dept 2009], lv denied 12 NY3d 915 [2009]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023