People v Coulibaly (2024 NY Slip Op 00241)

People v Coulibaly

2024 NY Slip Op 00241

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Ind. No. 1973/16 Appeal No. 1452 Case No. 2017-3061 

[*1]The People of the State of New York, Respondent,
v
Mamadou Coulibaly, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Amy Donner of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered January 11, 2017, convicting defendant, after a jury trial, of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.
Defendant's legal insufficiency claims are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The element of force required for the robbery conviction was established by the testimonial evidence and surveillance video footage. That evidence showed defendant grabbing two cell phones attached to the display shelf by a black cord and ripping them from the display (see People v Lewis, 204 AD3d 502, 502 [1st Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Gonzalez, 60 AD3d 447, 447-448 [1st Dept 2009], lv denied 12 NY3d 915 [2009]). It also showed defendant pushing an employee to overcome the employee's attempt to prevent defendant from leaving the store with the stolen property (id.). The jury could have reasonably inferred from the store employee's unrefuted testimony on the pricing of the cell phones that the combined value of the phones exceeded the statutory threshold for the grand larceny and criminal possession convictions (see People v Irrizari, 5 NY2d 142, 146 [1959]; People v Reid, 169 AD3d 602, 602 [1st Dept 2019]), even if the phones may have depreciated in value as display models (see People v Seador, 169 AD3d 619, 620 [1st Dept 2019], lv denied 33 NY3d 981 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024